IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MELINDA HERNANDEZ § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § Civil Action No. 21-642 <br> JP MORGAN CHASE BANK, N.A., § <br> § <br> Defendant. § <br> § <br> § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

For her Original Complaint against Defendant JP Morgan Chase Bank, N.A., Plaintiff Melinda Hernandez shows the following:

**Introduction**

1.  This is an action for sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964. Plaintiff Melinda Hernandez is an employee of Defendant JP Morgan Chase Bank, N.A. in San Antonio, Texas. She suffered unlawful sexual harassment at the hands of management employees who had sexually harassed other female employees in the past. Plaintiff reported the sexual harassment to management, and since then, has suffered unlawful retaliation, also in violation of Title VII. Plaintiff now brings this action for damages and injunctive relief.

**Parties**

2.  Plaintiff Melinda Hernandez is an individual residing in San Antonio, Texas. She may be served with papers in this case through the undersigned counsel.

3.  Defendant JP Morgan Chase Bank, N.A. is a foreign financial institution organized under the laws of the State of New York. It maintains its principal place of business at 270 Park

1

Ave., New York, New York 10017. It may be served with process through its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

## Jurisdiction and Venue

4. The Court possesses personal jurisdiction over Defendant because Defendant continuously conducts business in Texas and maintains permanent offices in Texas. The Court possesses subject-matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331 because Plaintiff brings her claims under a federal statute, Title VII of the Civil Rights Act of 1964. Venue is proper in the Western District because all of the events giving rise to Plaintiff's claims occurred in the Western District.

## First Cause of Action: Sexual Harassment in Violation of Title VII

5. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 4 supra.

6. Defendant is an employer within the meaning of Title VII in that Defendant has employed more than 15 employees in each year relevant to this lawsuit. Plaintiff has, at all times relevant to this lawsuit, been a W-2 employee of Defendant.

7. Plaintiff commenced work for Defendant in December of 2014 at Defendant's call center in San Antonio, Texas. She was hired as a coach. As a result of her good work, she was promoted to team leader in the overdraft collections department in December of 2017. As a team leader, she supervised approximately 17 employees. In July of 2018, her supervisor left Defendant's employment, and she was assigned a new supervisor, this time in the credit card collections department. As a result of this transfer, Plaintiff had to work with two supervisory employees who, as described below, subjected her to sexual harassment and then retaliation.

8. In July and August of 2018, Plaintiff was subjected to both unlawful quid pro quo and hostile work environment sexual harassment at the hands of management employees who had

a history of sexually harassing other females in the workplace. Upon information and belief, this history of sexual harassment was known to management, but Defendant failed to take prompt and effective remedial action to ensure that other employees such as Plaintiff were not sexually harassed in the future. Plaintiff reported this sexual harassment to management, including upper management. Management refused to redress Plaintiff's complaints, and her direct supervisor actually made comments supporting the sexual harassment. Unfortunately, the sexual harassment continued. Additionally, Plaintiff suffered retaliatory harassment at the hands of the harassers as well as other employees who were closely associated with them. Additionally, in the weeks following her complaints of sexual harassment, an unknown person or persons tampered with Plaintiff's vehicle by disconnecting the battery while the vehicle was in Defendant's parking lot during work hours. Because she had reported the sexual harassment to management without redress, and because she subsequently suffered retaliation at the hands of the harassers and their associates, Plaintiff then reported the unlawful conduct, including the sexual harassment and retaliation, on or about September 12, 2018, to upper management and to HR. This was shortly after her vehicle had been tampered with in the parking lot.

### Second Cause of Action: Retaliation in Violation of Title VII

9. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 8 supra.

10. Plaintiff also asserts a claim for retaliation under Title VII. She asserts that she was retaliated against for her complaints of sexual harassment and for having filed an EEOC charge of discrimination as detailed below.

11. As a result of her report to Human Resources, Plaintiff was placed on an administrative leave pending investigation. There is no justification for placing Plaintiff on leave. She was the victim and not the harasser. Contrary to Defendant's assertions to the EEOC, the

leave of absence—even though it was paid--was not Plaintiff's idea. Plaintiff thereafter filed her EEOC charge to grieve both the sexual harassment and retaliatory conduct. Plaintiff filed her intake with the EEOC on October 25, 2018. Her unperfected charge was served on November 27, 2018, and Plaintiff filed her charge on or about November 30, 2018.

12. While on "leave," Plaintiff was summoned to the workplace to be interviewed remotely by Defendant's human resources and in-house legal counsel. Upon information and belief, two of the harassers were also placed on leave, but they were allowed to return to work in November of 2018. According to Defendant's representations to the EEOC, these harassers were issued warnings, but were not discharged despite their egregious pattern of behavior.

13. Plaintiff, however, was not allowed to return to work until December 4, 2018. She learned at that time from co-workers that she herself had been accused of sexual harassment, which was patently false. After she returned to work, Plaintiff suffered further intimidation by the harassers as well as retaliation for having engaged in legally protected activities, including the filing of an EEOC charge. She was, for example, assigned bottom performers to her team, was given a lower bonus than her peers, and management turned a deaf ear to her additional complaints. On or about March 21, 2019, Plaintiff discovered that someone had loosened the lug nuts on the wheels of her vehicle while it was in Defendant's parking lot. Plaintiff immediately reported this conduct.

14. As a result of the sexual harassment and retaliation, Plaintiff suffered post-traumatic stress disorder, hypertension, and depression, all of which were diagnosed by her physician. Plaintiff had to take a leave of absence to deal with these medical conditions. Defendant promised to pay Plaintiff during her leave, but Defendant did not make good on this promise.

4

Plaintiff returned to work on or about July 2, 2019. After returning to work, Plaintiff continued to suffer intimidation at the hands of the harassers, which Plaintiff also reported to management.

### Administrative Prerequisites Satisfied

15. Plaintiff has satisfied all administrative prerequisites to filing suit. She timely filed a charge of discrimination on November 30, 2018. Plaintiff's claims are all within the scope of her EEOC charge, and the Court has ancillary jurisdiction over the retaliation claims to the extent that they constitute retaliation for Plaintiff's filing of her EEOC charge. Plaintiff was issued a Right to Sue letter on April 15, 2021. Plaintiff now files suit within 90 days of her receipt of her Right to Sue letter.

### Jury Demand

16. Plaintiff demands a trial by jury.

### Conclusion and Prayer

17. Plaintiff prays that, upon by final judgment, she be awarded the following:

a. Lost wages and benefits;

b. Compensatory damages for emotional distress, mental anguish embarrassment, damage to reputation, and loss of enjoyment of life;

c. Punitive damages;

d. Attorney fees;

e. Costs of court; and

f. All other relief to which she is entitled.

        Respectfully submitted,


        <u>/s/Michael V. Galo, Jr.</u>
        Michael V. Galo, Jr.
        State Bar No. 00790734
        Federal Bar No. 19048
        GALO LAW FIRM, P.C.
        4230 Gardendale, Bldg 401
        San Antonio, Texas 78229
        Telephone: 210.616.9800
        Facsimile:  210.616.9898
        Email: mgalo@galolaw.com
        ATTORNEY FOR PLAINTIFF
        MELINDA HERNANDEZ